# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rafpheal Jones, | Case No. 24-cv-20 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Ramsey County Jail and Officer Tony, | |
| Defendants. | |

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff Rafpheal Jones's application to proceed *in forma pauperis* (ECF No. [3]) is **GRANTED**.

2. Mr. Jones must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Mr. Jones does not complete and return the Marshal Service Forms by **March 28, 2024**, the Court will recommend that this matter be dismissed without prejudice for failure to prosecute. The Court will provide Marshal Service Forms to Mr. Jones.

3. The Court directs the U.S. Marshals Service to effect service of process on Defendant Ramsey County Jail consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

4. Mr. Jones must also submit a one-page addendum specifying whether the defendant identified as "Officer Tony" is being sued in that defendant's individual capacity, in that defendant's official capacity as an agent of Ramsey County, or in both capacities. If suing "Officer Tony" in his individual capacity, Mr. Jones must

1

       submit a properly completed Marshal Service Form (Form USM-285) for that defendant.  Mr. Jones must submit the one-page addendum and Marshal Service Form, if necessary, by **March 28, 2024**, failing which the Court may recommend that this matter be dismissed without prejudice for failure to prosecute.

5.     Mr. Jones must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Jones is confined.  Because Mr. Jones has no assets and no means from which to pay an initial partial filing fee, the Court waives that requirement.  *See* 28 U.S.C. § 1915(b)(4).

6.     Mr. Jones's motion for appointment of counsel (ECF No. [2]) is **DENIED WITHOUT PREJUDICE**.  "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court.").  It is not yet apparent that appointment of counsel would benefit either Mr. Jones or the Court.  Mr. Jones has presented his claims in his Amended Complaint (ECF No.[ 6]) with reasonable clarity, and the Court cannot know at this early stage of the litigation whether either the factual or legal basis for those claims will prove so complex that an unrepresented litigant could not prosecute those claims on his own behalf.  The Court will reconsider *sua sponte* (on its own motion) whether appointment of counsel is appropriate should circumstances dictate.

Dated: February 27, 2024          *s/ Dulce J. Foster*
                                                       DULCE J. FOSTER
                                                       United States Magistrate Judge