UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rafpheal Jones, | Case No. 24-cv-20 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Ramsey County Jail and Officer Tony, | |
| Defendants. | |

This matter is before the Court on Plaintiff Rafphael Jones's Motion to Appoint Counsel (ECF No. 21.) Mr. Jones is an inmate at Minnesota Correctional Facility-Stillwater. (ECF No. 1.) He requests assistance from an attorney because he has difficulty reading and spelling. (ECF No. 21.) Mr. Jones filed a similar motion in January 2024, asking the Court to appoint counsel because he suffered from mental issues and could not read or spell. (ECF No. 2.) The Court denied that request on February 27, 2024 (ECF No. 8).

There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Whether to appoint counsel in a civil proceeding like this one is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases).

1

While the Court recognizes Mr. Jones's strong desire for the appointment of counsel, it denies his Motion for the same reasons it denied his motion in February. Namely, it is still not yet apparent that appointment of counsel is necessary. Mr. Jones has thus far successfully presented his claims in his Amended Complaint (ECF No. 6) with reasonable clarity, and the Court cannot know at this early stage of the litigation whether either the factual or legal basis for those claims will prove so complex that an unrepresented litigant could not prosecute those claims on his own behalf. And at this early stage of the proceeding, there is also no reason to believe that conflicting testimony will present any difficulties. The *Crozier* factors therefore weigh in favor of denying Mr. Jones's request for appointment of counsel at this stage in the proceedings.

However, the Court will refer Mr. Jones by separate order to the Federal Bar Association, which has a panel of volunteer lawyers who can often assist pro se litigants such as Mr. Jones. The Court encourages Mr. Jones to contact the FBA and ask that organization to help him find a lawyer to assist him moving forward.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Mr. Jones's motion for appointment of counsel (ECF No. [21]) is **DENIED WITHOUT PREJUDICE**.

Dated: April 12, 2024

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge