### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

Rafpheal Jones,

        Plaintiff,

v.

Ramsey County Jail,

        Defendants.

Case No. 24-cv-20 (JRT/DJF)

**REPORT AND**
**RECOMMENDATION**
**AND**
**ORDER**

---

This matter is before the Court on Defendant Ramsey County Jail's Motion to Dismiss (ECF No. 24) and Plaintiff's self-styled Request for Relief (ECF No. 34). The undersigned considers the matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons set forth below, the Court recommends that both Defendant's Motion to Dismiss and Plaintiff's Request for Relief be denied without prejudice.

## I.        Procedural History

Plaintiff Rafpheal Jones is an inmate at Minnesota Correctional Facility-Stillwater. (ECF No. 1.) On January 4, 2024, Mr. Jones filed a *pro se* complaint against Defendant Ramsey County ("Complaint") (ECF No. 1), a motion to appoint counsel (ECF No. 2), and an application to proceed *in forma pauperis* status ("IFP Application") (ECF No. 3). On January 22, 2024, the Court issued an order related to Mr. Jones's IFP application and cautioned him that his Complaint was unlikely to survive preservice review under 28 U.S.C. § 1915A as currently pleaded because Ramsey County Jail is not a legal entity amenable to suit (ECF No. 4 at 2 n.3). On February 12, 2024, again, acting *pro se*, Mr. Jones filed an amended complaint against Defendant Ramsey County Jail and newly added Defendant "Officer Tony" ("Amended Complaint") (ECF

No. 6).  On February 27, 2024, the Court granted Mr. Jones's IFP Application and denied his motion to appoint counsel but referred him to the Federal Bar Association's *Pro Se* Project for possible assistance from a volunteer attorney (ECF No. 8).  On April 10, 2024, Mr. Jones voluntarily dismissed Defendant Officer Tony (ECF No. 20), leaving, again, just Defendant Ramsey County Jail.  Defendant Ramsey County Jail filed its Motion to Dismiss on April 16, 2024 (ECF No. 24).  On May 13, 2024, the Court extended Mr. Jones's deadline to respond to the Motion to Dismiss in response to Mr. Jones's request for more time to gather evidence "with the help of the pro se project".  (*See* ECF Nos. 32, 33.)  On June 5, 2024, Mr. Jones filed a self-styled Request for Relief seeking $15,000,000 (ECF No. 34).  And On June 19, 2024, counsel entered an appearance on Mr. Jones's behalf through the Federal Bar Association's *Pro Se* Project (ECF Nos. 36, 37).

## II.    Mr. Jones's Claims

While the Amended Complaint (ECF No. 6) is the operative pleading in this matter, it is best understood in reference to Mr. Jones's initial Complaint (ECF No. 1).  Mr. Jones's initial Complaint alleged various civil rights violations under 42 U.S.C § 1983 (ECF Nos. 1, 1-1, 1-2, 1-3).  Specifically, Mr. Jones alleged: (i) he was held in segregation for 88 days without a hearing; (ii) he had no drinking water for three days and no mattress for three weeks; and (iii) he was denied mental health medication and treatment. (ECF No. 1 at IV.A.)  He requested $15,000,000 in damages.  (*Id.* at V.)

Mr. Jones's Amended Complaint is handwritten and does not contain a caption.  (ECF No. 6.)  The opening unnumbered paragraph names Defendant "Officer Tony" as a person who committed the following: (i) turned off Mr. Jonse's water for three days; (ii) kept Mr. Jones in segregation for 88 days without a hearing and did not let him use the phone during that time; (iii)

2

did not allow Mr. Jones mental health services or medications while he was in segregation; (iv) removed Mr. Jones's bed roll from his cell for three weeks: (v) failed to provide Mr. Jones with clothing to cover his nude body while he was in segregation; (vi) used racial slurs towards Mr. Jones; and (vii) failed to provide Mr. Jones with toilet paper for a day.  (*Id.* at 1.)  Mr. Jones's Amended Complaint includes two exhibits (ECF Nos. 6-1, 6-2).  The first appears to name Ramsey County Sheriff's Office and the Ramsey County Jail Correctional Institution as Defendants.  (*See* ECF No. 6-1.)  The second asserts that Officer Tony committed the alleged offending acts from November 20, 2022 to February 15, 2023.  (*See* ECF No. 6-2.)  On February 27, 2024, Mr. Jones filed a third exhibit stating that he is "suing for" pain and suffering, emotion[al] distress, and discrimination.  (ECF No. 7.)

### III.    Motion to Dismiss

Defendant asks the Court to dismiss Plaintiff's Amended Complaint because: (1) it fails to name an entity that is subject to being sued (ECF No. 26 at 5); and (2) even if the Court liberally construes Mr. Jones's claims against Ramsey County Jail as claims against Ramsey County, his Amended Complaint still fails as a matter of law (*id.* at 6).

### IV.    Analysis - Motion to Dismiss

Plaintiff's Amended Complaint suffers from various technical deficiencies, including that it potentially violates this District's Local Rule against piecemeal filings, D. Minn. L.R. 15.1(a), and as previously noted (ECF No. 4 at 2 n.3), Defendant Ramsey County Jail is not a legal entity amenable to suit.  (*See De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (finding neither a county jail nor a sheriff's department was a suable entity).  But the facts alleged in Mr. Jones's filings—upon further development—could conceivably establish colorable grounds for suit.

The Court is cognizant of its obligation to construe *pro se* filings liberally. *See Archbishop Kingpimp Shortymacknifisent v. Beltz*, et al., No. 22-cv-766 (DSD/LIB), 2023 WL 4235040, *1 (D. Minn. June 28, 2023) ("Liberal construction means that the court construes a pro se litigant's filing 'in a way that permits the [litigant]'s claim to be considered within the proper legal framework.'") (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). Because Mr. Jones was *pro se* when he filed his Amended Complaint, and he has recently obtained counsel (ECF No. 36), the Court recommends that Mr. Jones be afforded an opportunity to amend his Amended Complaint with assistance of counsel. For this reason, the Court also recommends denying Defendant's Motion to Dismiss *without prejudice*, meaning that the Court make no determination at this time regarding the merits of Mr. Jones's claims or Defendant's defenses.[1]

The Court further grants Mr. Jones a period of 60 days from today's date, until **September 3, 2024**, to file a motion to amend his Amended Complaint. Any such motion must comply with the Court's rules, including that: (1) a copy of Mr. Jones's proposed Second Amended Complaint must be attached to the motion to amend; (2) the proposed Second Amended Complaint must be single document that includes all the factual allegations and legal claims Mr. Jones intends to bring in this action; (3) Mr. Jones must attach either a statement explaining how the proposed Second Amended Complaint differs from his Amended Complaint (ECF No. 6 and supporting exhibits) or, a redlined version of his proposed Second Amended Complaint showing any such differences through strikeouts and underlining. *See* Local Rule 15.1. Mr. Jones, through his counsel, must also meet and confer with Defendant's attorney before he files his motion and file, along with his motion, a statement as to whether Defendant will oppose the motion to amend. *See* Local Rule 7.1(a)(3). Defendant may either renew its Motion to Dismiss or file a new motion to

---

[1] In making this recommendation, the Court does not seek to imply that is in any way rejecting the arguments asserted in Defendant's Motion to Dismiss; only that they be decided later.

dismiss within 28 days after the Court enters an order granting or denying permission to amend, or by **October 1, 2024**, if Mr. Jones does not file a motion to amend his Amended Complaint by September 3, 2024. If Mr. Jones does not file a motion to amend his Amended Complaint by September 3, 2024 or move for an extension to do so based on good cause, the Court will evaluate the sufficiency of Mr. Jones's pleading pursuant to any motion to dismiss Defendant may file based on the currently operative Amended Complaint.

## IV.    Request for Relief

Plaintiff succinctly states that "if he wins this case," he requests $15,000,00 "for relief." (ECF No. 34).

## V.    Analysis – Request for Relief

Because Mr. Jones's Request for Relief is more appropriately included in any proposed Second Amended Complaint he may file, the Court recommends that his stand-alone Request for Relief (ECF No. 34) be denied without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.    Defendant's Motion to Dismiss (ECF No. [24]) be **DENIED WITHOUT PREJUDICE**; and

2.    Plaintiff's self-styled Request for Relief (ECF No. [34]) be **DENIED WITHOUT PREJUDICE.**

**ORDER**

1.      Mr. Jones may file a motion to amend his Amended Complaint by **September 3, 2024** that complies with all Local Rules.

2.      Defendant may either renew its Motion to Dismiss or file a new motion to dismiss within 28 days after the Court enters an order granting or denying any motion to amend the Amended Complaint by **September 3, 2024**; and

3.      If Mr. Jones does not file a motion to amend his Amended Complaint by September 3, 3034, Defendant may renew its Motion to Dismiss or file new motion on or before **October 1, 2024**.

Dated: July 2, 2024                              *s/ Dulce J. Foster*
                                                DULCE J. FOSTER
                                                United States Magistrate Judge

**<u>NOTICE</u>**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).